THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALBERT ALANIZ BARRIENTES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C15-0593-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Petitioner Albert Barrientes's motion for leave to amend his motion to vacate (Dkt. No. 8), motion for default judgment (Dkt. No. 10), and motion for summary judgment (Dkt. No. 7).

I.   **Motion for Leave to Amend**

In Mr. Barrientes's initial motion to vacate his sentence, he argued the following: (1) that he is actually innocent of the crime of possession of a firearm in furtherance of drug trafficking crimes (Dkt. No. 1 at 4); (2) that the factual basis in his guilty plea does not support his firearm conviction, because it does not establish the "in furtherance of" element (Dkt. No. 1 at 2); (3) that the court did not ensure that Mr. Barrientes understood the elements of the crime to which he pleaded guilty (Dkt. No. 1 at 7); and (4) that Mr. Barrientes exercised reasonable

diligence by researching his case immediately after conviction and sentencing (Dkt. No. 1 at 17).

The Government responded that Mr. Barrientes's motion was (1) untimely; (2) procedurally defaulted, because he failed to make this challenge on direct appeal; and (3) meritless, as the plea agreement clearly stated a factual basis to support the "in furtherance of" element. (Dkt. No. 5 at 2-3.)

Mr. Barrientes then filed a motion for leave to amend, seeking to clarify what he characterized as the Government's misinterpretation of his argument. (Dkt. No. 8 at 1-2.) He stated that the Government "misconstrued [his] claim of 'actual innocence' into one that attacks his factual statement." (Dkt. No. 8, Ex. 1 at 3.) But, Mr. Barrientes's initial motion explicitly argued that the factual basis of his plea was flawed, and this served as his primary argument that he was actually innocent. (Dkt. No. 1 at 2-8.) Moreover, his motion for leave to amend argues that the "government's evidence surrounding the firearms listed at Count 10 fails to establish the requisite nexus between those firearms and the 'underlying conviction' in Count 1"—again asserting that the factual basis of his plea was insufficient. (*See* Dkt. No. 8, Ex. 1 at 8.) The only other basis Mr. Barrientes offers to support his innocence is his argument that the court failed to ensure that he understood the plea, which he raises in both his initial motion and the motion for leave to amend. (Dkt. No. 8, Ex. 1 at 6, 8.)

In sum, Mr. Barrientes has not established that the Government misconstrued his motion or that he has a separate basis for his claim of actual innocence in addition to those raised in his initial motion to vacate his sentence. Therefore, his motion for leave to file an amended motion (Dkt. No. 8) is DENIED.

**II.   Motion for Summary Judgment; Motion for Default Judgment**

Next, the Court addresses Mr. Barrientes's motion for summary judgment and motion for default judgment, both of which seek to resolve this matter based on the Government's alleged failure to file responses. The Court appreciates Mr. Barrientes's desire to see a resolution in his case, but these motions are procedurally unnecessary. The Court can interpret the failure to

respond as an admission that a motion is meritorious. *See* W.D. Wash. Local Cr. R. 12(b)(4). However, the Court still consider the merits in reviewing the motions and will rule on the motions without need for an additional motion from Mr. Barrientes.

Moreover, the Government's alleged inaction does not support the requested relief. First, the Government responded to Mr. Barrientes's motion to vacate on July 23, 2015, four days before Mr. Barrientes filed his motion for summary judgment. Second, the Court had not yet ruled on Mr. Barrientes's motion for leave to amend at the time that Mr. Barrientes moved for default judgment on October 13, 2015. Thus, the Government had no duty to respond at that point.  Therefore, the motion for summary judgment (Dkt. No. 7) and motion for default judgment (Dkt. No. 10) are DISMISSED. It should be noted, however, that these dismissals have no impact on the Court's consideration of the merits of Mr. Barrientes's motion to vacate his sentence. The Court's ruling on that motion shall be forthcoming.

**III.     Conclusion**

For the reasons discussed above, Mr. Barrientes's motion for leave to amend (Dkt. No. 8) is DENIED. Mr. Barrientes's motions for summary judgment (Dkt. No. 7) and default judgment (Dkt. No. 10) are DISMISSED. This Court's ruling on Mr. Barrientes's motion to vacate his sentence (Dkt. No. 1) shall be forthcoming.

DATED this 19 day of October 2015.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk